UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLARD WAYNE BAKER, JR., | No. 1:24-cv-00716 GSA (PC) |
| Plaintiff, | ORDER DISREGARDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AS IMPROPERLY FILED |
| v. | |
| LOZANO, et al., | (ECF No. 2) |
| Defendants. | ORDER DISREGARDING PLAINTIFF'S MOTION FOR SUPPLEMENTAL JURISDICTION AS PREMATURELY FILED |
| | (ECF No. 3) |
| | ORDER DIRECTING PLAINTIFF TO FILE SIX-MONTH PRISON TRUST FUND ACCOUNT STATEMENT WHEN FILING THE IN FORMA PAUPERIS APPLICATION |
| | (ECF No. 6) |
| | PRISON TRUST FUND ACCOUNT STATEMENT ALSO DUE **AUGUST 5, 2024** |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983, along with an application to proceed in forma pauperis. ECF Nos. 1, 2. Plaintiff has also filed a motion which requests the Court to exercise supplemental jurisdiction over his state claims. ECF No. 3. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

1

For the reasons stated below, Plaintiff's motion to proceed in forma pauperis will be disregarded as improperly filed on an incorrect form, and his motion for supplemental jurisdiction will be disregarded as prematurely filed. In addition, consistent with 28 U.S.C. § 1915(a)(2), Plaintiff will be ordered to file a six-month prison trust fund account statement with the Court.

## I. IN FORMA PAUPERIS APPLICATION

On June 20, 2024, Plaintiff filed an application to proceed in forma pauperis. ECF No. 2. On June 21, 2024, the Court determined that the application had been submitted on an incorrect form. See ECF No. 6. As a result, Plaintiff was sent the correct form and was ordered to complete it and file it with the Court. Id. He has been given forty-five days to do so. Id. Because the instant in forma pauperis application is on an incorrect form, it will be disregarded.

As a prisoner litigant, when filing an application to proceed in forma pauperis Plaintiff must also submit a certified prison trust fund account statement for the six-month period that immediately precedes the date he filed his complaint. 28 U.S.C. § 1915(a)(2). To date, Plaintiff has not submitted it. Therefore, he will also be ordered to file the trust fund account statement within the same forty-five-day period that he has been given to file an in forma pauperis application on the correct form. See ECF No. 6. Both documents will be due on the same date.

## II. MOTION FOR COURT TO EXERCISE SUPPLEMENTAL JURISDICTION

On June 20, 2024, Plaintiff also filed a motion requesting the Court to exercise its supplemental jurisdiction over a state tort claim that is raised in his complaint. ECF No. 3. Before beginning any civil litigation, a party must either pay the filing fee in full (see 28 U.S.C. § 1914(a)-(b)) or apply for and be granted in forma pauperis status (see 28 U.S.C. § 1915(a)(1)-(2)). Since Plaintiff has done neither, the motion is premature and the Court cannot consider it. Thus, it will be denied as such.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, docketed June 20, 2024 (ECF No. 2), is DISREGARDED as FILED ON AN INCORRECT FORM;

2. Plaintiff's motion which requests the Court to exercise supplemental jurisdiction over his state law tort claim (ECF No. 3) is DISREGARDED as PREMATURELY FILED, and

3.  Consistent with the Court's June 21, 2024, order directing Plaintiff either to pay the filing fee or to file an in forma pauperis application within forty-five days (see ECF No. 6), Plaintiff's six-month prison trust fund account statement which is required under 28 U.S.C. § 1915(a)(2) to be submitted with an in forma pauperis application, must also be filed by **August 5, 2024**.

**Plaintiff is cautioned that failure to comply with this order within the time allotted may result in a recommendation that this matter be dismissed.**

IT IS SO ORDERED.

Dated:  **June 25, 2024**             /s/ Gary S. Austin
                                UNITED STATES MAGISTRATE JUDGE