UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLARD WAYNE BAKER, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOZANO, et al.,<br><br>　　　　　Defendants. | No.  1:24-cv-00716 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING DISMISSAL OF MATTER FOR FAILURE TO OBEY COURT ORDERS<br><br>Fed. R. Civ. P. 41(b); L.R. 110<br><br>PLAINTIFF'S OBJECTIONS DUE **AUGUST 28, 2024** |

  Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  For the reasons stated below the undersigned will recommend that this matter be dismissed for failure to obey a court order.  Plaintiff will be given fourteen days to file objections.

  I. RELEVANT FACTS

  On June 20, 2024, Plaintiff's complaint and an application to proceed in forma pauperis were docketed.  ECF Nos. 1, 2.  The next day, after reviewing the filings, the Court determined that the in forma pauperis application that Plaintiff submitted was not the correct one.  ECF No. 6.  As a result, Plaintiff was ordered to submit a new application on the correct form (id.), and he was

1

sent a copy of it (see ECF No. 6-1 at 2-3). Plaintiff was given forty-five days to comply with the Court's order. ECF No. 6.

On June 26, 2024, the Court issued a second order which disregarded Plaintiff's outstanding in forma pauperis application as improperly filed. ECF No. 7. At that time, because Plaintiff had also failed to file a six-month prisoner trust fund application as required by law (see 28 U.S.C. 1915(b)), the Court ordered Plaintiff to file one. See ECF No. 7 at 3. Plaintiff was given the remainder of the forty-five-day period, or until August 5, 2024, to file both the in forma pauperis application and the six-month trust account statement.

To date, Plaintiff has not filed the correct in forma pauperis application and has not filed a copy of his six-month trust fund account statement. He has not responded to either of the Court's orders in any way.

II.   DISCUSSION

Federal law requires a party who is commencing a civil action to pay filing fees. See 28 U.S.C. § 1914. In order for a prisoner to proceed in forma pauperis, he must submit an affidavit that includes a statement of all assets and an assertion that he is unable to prepay the fees. 28 U.S.C. § 1915(a)(1). He must also submit a certified copy of his trust fund account statement for the six-month period that immediately precedes the filing of his complaint. Id. at (a)(2).

Plaintiff has neither filed a proper application to proceed in forma pauperis, nor has he submitted a six-month prisoner trust fund account statement as the law requires. As a result, this matter cannot be commenced. For these reasons the undersigned will recommend that this matter be dismissed for failure to obey court orders.[1]

---

[1] The five factors identified in Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.) cert. denied 479 U.S. 829 (1986) and Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) that are typically considered when dismissal for failure to obey a court order or failure to prosecute are not considered in this order. This is because the Court is not *required* to do so. See Transamerica Life Ins. Co. v. Arutyunyan, 93 F.4th 1136, 1147 (9th Cir. 2024) (citation omitted) (stating not required to recite and individually discuss factors if record permits independent determination of abuse of discretion); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), as amended (May 22, 1992) ("Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered [the five] factors [in Thompson and Henderson] . . . .");.see also Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 890 n.2 (9th Cir. 2019) (stating same and referencing Ferdik, 963 F.2d at 1261).

1    Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a
2    District Judge to this action.

3    IT IS FURTHER RECOMMENDED that this matter be DISMISSED for failure to obey
4    court orders. Fed. R. Civ. P. 41(b); L.R. 110.

5    These findings and recommendations are submitted to the United States District Judge
6    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
7    after being served with these findings and recommendations – **by August 28, 2024,** – Plaintiff
8    may file written objections with the Court. Such a document should be captioned "Objections to
9    Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file
10   objections within the specified time may waive the right to appeal the District Court's order.
11   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 12, 2024**                   /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE

---

The record in this case makes the application of the five factors so clear, that no extended discussion of them is necessary in this case. See, e.g., Connecticut General Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (finding same); Transamerica Life Ins. Co., 93 F.4th at 1146-47 (citing Connecticut General Life Ins. Co.) ("It suffices if the district court's analysis, considered in the context of the record as a whole, permits us 'independently to determine if the district court has abused its discretion' in light of these factors.").

The Ninth Circuit will review the record to independently determine if the district court has abused its discretion by dismissing a case for failure to comply with a court order. Ferdik, 963 F.2d at 1261 (citations omitted); Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (stating not necessary for court to make explicit findings that it has considered five factors; appellate court may review record independently).