UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLARD WAYNE BAKER, JR., | No.  1:24-cv-00716 KES GSA (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL |
| v. | (ECF No. 20) |
| LOZANO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff has filed a motion for recusal of the undersigned from this case.  ECF No. 20.  For the reasons stated below, the motion will be denied.

I.  PLAINTIFF'S MOTION FOR RECUSAL

In support of Plaintiff's motion for recusal, Plaintiff ultimately argues that a grant of the motion is appropriate because after Plaintiff had been granted in forma pauperis status the Court ordered that this matter be dismissed.  ECF No. 20 at 1.  In addition, Plaintiff contends that "its [sic] been months of no District Judge answer."  Id.  Plaintiff further argues that these assertions warrant the Court's recusal because "a conflict of interest will come about."  Id.

1

## II. RELEVANT FACTS

### A. Plaintiff Twice Fails to File Proper In Forma Pauperis Application

Plaintiff was first ordered to file a proper in forma pauperis statement on June 21, 2024. See ECF No. 6-1 at 1. (order to submit in forma pauperis application). Then, because Plaintiff had filed his application to proceed in forma pauperis on the wrong form, on June 26, 2024, Plaintiff was ordered to file a new in forma pauperis application along with a copy his six-month prison trust fund account statement with the Court, and to do so by August 5, 2024. See ECF No. 7 at 2-3. At that time, Plaintiff was specifically warned that his failure to comply with the order within the time allotted might result in a recommendation that his case be dismissed. Id. at 3.

### B. Court Recommends Matter Be Dismissed for Failure to Obey Court Orders

Despite having been instructed to file the appropriate documents to complete his application for in forma pauperis status, and despite having been given approximately a month and a half to do so, Plaintiff failed to file the proper paperwork in a timely manner. As a result, on August 13, 2024, the Court issued an order recommending that this case be dismissed due to Plaintiff's failure to obey court orders. See ECF No. 10. On August 19th and 20th of 2025, Plaintiff's proper in forma pauperis paperwork was finally docketed. See ECF Nos. 11, 13 (application; trust account statement, respectively). The very next day, the Court granted Plaintiff's application to proceed in forma pauperis, and on September 3, 2014 the undersigned vacated its order and findings that Plaintiff's case be dismissed for failure to obey a court order. See ECF Nos. 14 & 17.

## III. APPLICABLE LAW

"Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). 28 U.S.C. § 455, which governs the disqualification of a judge, does not require that judge to accept all allegations by the moving party as true. See generally id. If it did, a party could force the recusal of a judge by factual allegations, and the result would be a virtual 'open season' for recusal. See United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) (citing Phillips v. Joint Legislative Comm., 637 F.2d 1014 (5th Cir. 1981)). "[A] judge, having been assigned to a case, should not recuse himself

on unsupported, irrational, or highly tenuous speculation." Id.

### IV. DISCUSSION

Plaintiff's motion for recusal must be for a few reasons. First, as the record demonstrates, the Court appropriately issued the August 13, 2024, order (see ECF No. 10) which recommended that this matter be dismissed. The dispositive order was issued only after the Court ordered Plaintiff to submit a complete in forma pauperis application along with his six-month prison trust fund account statement, both of which, prisoners are required to submit if they want their in forma pauperis applications to be complete. See 28 U.S.C. § 1915(a)(1)-(2).

Second, Plaintiff fails to point to the so-called "conflict of interest" that will "come about" on the part of the undersigned during these proceedings, or to any intentional delay with respect to managing this case. See generally ECF No. 20. On the contrary, for the first two months after Plaintiff's complaint was filed, it was Plaintiff who delayed its progression.

Because the instant motion is frivolous and without merit, and because conclusory allegations, based on nothing more than speculation, fail to establish a reasonable question as to the undersigned's impartiality or that a bias or prejudice exists. the request for recusal will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to recuse (ECF No. 20) is DENIED.

IT IS SO ORDERED.

Dated: __July 31, 2025__         _____/s/ Gary S. Austin_____
                                   UNITED STATES MAGISTRATE JUDGE