UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLARD WAYNE BAKER, JR., | No. 1:24-cv-00716 KES GSA (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO AMEND |
| v. | (ECF No. 19) |
| LOZANO, et al., | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| Defendants. | (ECF No. 22) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court are Plaintiff's motion to file an amended complaint and a motion for reconsideration of recusal. ECF Nos. 19, 22 (respectively). For the reasons stated below, Plaintiff's motion to file an amended complaint will be granted, and his motion for reconsideration of recusal will be denied.

I.  MOTION FOR LEAVE TO AMEND

In support of Plaintiff's motion to file an amended complaint, he states that he would like to amend pursuant to Federal Rule of Civil Procedure 15(d). ECF No. 19. He has filed a first amended complaint ("FAC") along with the motion. ECF No. 18.

1

Federal Rule of Civil Procedure 15(d) applies to the filing of supplemental pleadings, not to the filing of amended complaints. See generally Fed. R. Civ. P. 15(d). Therefore, Plaintiff's motion cannot be granted pursuant to that rule. However, given that Plaintiff's initial complaint has not been screened, and it appears that Plaintiff is raising claims in the FAC that stem from events stated in the original complaint (compare ECF No. 1, with ECF No. 18) (original complaint and FAC, respectively), the Court will grant Plaintiff's motion and give him leave to amend. See Fed. R. Civ. P. 15(a)(2) (permitting party to amend when court grants leave to do so). As a result, the Court will screen Plaintiff's FAC instead of his original complaint in due course.

## II. MOTION FOR RECONSIDERATION OF RECUSAL

### A. Relevant Facts

On December 23, 2024, a motion to recuse the Court filed by Plaintiff was docketed. ECF No. 20. The request was made due to the fact that the Court had recommended that the matter be dismissed because Plaintiff had failed to timely file a proper in forma pauperis application and six-month prison trust fund account statement despite having been ordered to do so. See ECF No. 10 at 2-3 (order and findings and recommendations).

On July 31, 2025, the Court denied Plaintiff's motion for recusal on the grounds that it was frivolous and without merit. ECF No. 21 at 2-3. In Plaintiff's instant motion for reconsideration, he continues to argue why he did not timely file the proper forms related to his in forma pauperis application. ECF No. 22 at 1. He also states that he does not think that the Court has considered his past opposition to the Court's August 2024 findings and recommendations. Id. Plaintiff continues to provide reasons as to why he purportedly could not file the appropriate in forma pauperis documents in a timely manner. Id.

### B. Applicable Law

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud,

misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).  A motion for reconsideration on any of these grounds must be brought within a reasonable time, and no later than one year, of the entry of the judgment or the order being challenged.  Id. "Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court..." Allmerica Financial Life Insurance and Annuity Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997).

### C.  Discussion

Irrespective of the reasons why Plaintiff was unable to timely file his in forma pauperis documents, the fact remains that they were not timely filed, which is why the order recommending dismissal issued.  That fact is clearly supported by the record, and it is undisputed by Plaintiff.  See generally ECF No. 22 (Plaintiff's motion for reconsideration).  Furthermore, Plaintiff was warned that his failure to timely comply and submit the required financial documents could result in a recommendation that his case be dismissed.  See ECF No. 6 at 1; ECF No. 7 at 3.  It was only after the Court issued the order that recommended the matter be dismissed for failure to file the correct indigence paperwork (see ECF No. 10) (findings and recommendations order) that Plaintiff finally filed a proper in forma pauperis application and the requisite six-month trust fund account statement (see ECF Nos. 11, 13) (in forma pauperis application; trust account statement, respectively).  As a result, the Court's issuance of the findings and recommendations order was reasonable and warranted.

In sum, Plaintiff's motion for reconsideration of the Court's order denying his request for recusal fails to show that any of the reasons listed in Rule 60(b) that would warrant a grant of the instant motion for reconsideration – e.g., mistake, newly discovered evidence, fraud, et cetera – exist.  For this reason, Plaintiff's motion for reconsideration will be denied.

As for Plaintiff's general complaint related to the time it has taken to move his case forward, Plaintiff is informed that the Eastern District of California has one of the most heavily

3

weighted caseloads in the country,[1] and that he can be assured that his complaint will be screened in due course.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint (ECF No. 19) is GRANTED, and
2. Plaintiff's motion for reconsideration of judge recusal (ECF No. 22) is DENIED. See Fed. R. Civ. P. 60(b).

IT IS SO ORDERED.

Dated: **September 3, 2025**         /s/ Gary S. Austin
                                                      UNITED STATES MAGISTRATE JUDGE

---

[1] See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California)

4